UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ANTHONY PATTERSON,

                        Petitioner,                    **MEMORANDUM AND ORDER**

        - against -                                    06 Cr. 80 (NRB)
                                                       10 Civ. 9542 (NRB)
UNITED STATES OF AMERICA,

                        Respondent.
---------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

       Anthony Patterson, pro se, moves pursuant to Rule 60 of the
Federal Rules of Civil Procedure for relief from orders
resentencing him in his criminal case and denying his petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. After
Patterson was sentenced in 2008, he successfully appealed his
sentence on the basis of a Second Circuit case decided in 2009.
But before Patterson was resentenced, the Supreme Court decided
a case that abrogated the Second Circuit's 2009 decision, and
Patterson's original sentence was reimposed on remand without
contemporaneous objection or appeal. For the following reasons,
Patterson's motion, a belated attempt to get the benefit of his
original appeal, is denied.


                          **I.  BACKGROUND**

       Following a jury trial in February and March 2008,
Patterson was convicted of two felonies arising from his

Case 1:10-cv-09542-NRB   Document 24   Filed 08/26/15   Page 2 of 18

participation as "enforcer" in the John Shop Crew, a multi-million dollar drug conspiracy: Count One, conspiracy to distribute and possess with intent to distribute 1,000 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and Count Two, possession of a firearm in furtherance of the Count One conspiracy, in violation of 18 U.S.C. § 924(c). Because the Government filed a prior narcotics felony information before trial, Count One carried a twenty-year mandatory minimum sentence. See 21 U.S.C. §§ 841(b)(1)(A), 851. Count Two carried a five-year mandatory minimum sentence, not to be imposed concurrently with any other term of imprisonment. See 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii). On July 21, 2008, sentence was imposed. Although a Guidelines sentence would have been in the range of 420 months (35 years) to life in prison, the Court imposed the mandatory minimum sentence of 20 years' imprisonment on Count One and 5 years' imprisonment on Count Two, to be served consecutively, as required by statute.

On appeal, the Second Circuit affirmed Patterson's conviction but vacated his sentence in light of a Second Circuit case, decided after Patterson was sentenced, which had held that "the mandatory minimum sentence under Section 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that

participation as "enforcer" in the John Shop Crew, a multi-million dollar drug conspiracy: Count One, conspiracy to distribute and possess with intent to distribute 1,000 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and Count Two, possession of a firearm in furtherance of the Count One conspiracy, in violation of 18 U.S.C. § 924(c). Because the Government filed a prior narcotics felony information before trial, Count One carried a twenty-year mandatory minimum sentence. See 21 U.S.C. §§ 841(b)(1)(A), 851. Count Two carried a five-year mandatory minimum sentence, not to be imposed concurrently with any other term of imprisonment. See 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii). On July 21, 2008, sentence was imposed. Although a Guidelines sentence would have been in the range of 420 months (35 years) to life in prison, the Court imposed the mandatory minimum sentence of 20 years' imprisonment on Count One and 5 years' imprisonment on Count Two, to be served consecutively, as required by statute.

On appeal, the Second Circuit affirmed Patterson's conviction but vacated his sentence in light of a Second Circuit case, decided after Patterson was sentenced, which had held that "the mandatory minimum sentence under Section 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that

is part of the same criminal transaction or set of operative facts as the firearm offense." United States v. Williams, 558 F.3d 166, 168 (2d Cir. 2009).   The Government conceded that Patterson had to be resentenced under Williams but urged the Second Circuit to defer judgment until the Supreme Court decided cases on its docket presenting the same legal issue.   The Second Circuit declined to wait and instead ordered resentencing.   See United States v. Barris, 377 F. App'x 93, 96 (2d Cir. 2010) (summary order).   Nonetheless, on June 10, 2010, the Second Circuit granted a Government motion to stay the issuance of its mandate for 90 days.   The final mandate did not issue until October 25, 2010.[1]

On November 15, 2010, the Supreme Court abrogated Williams by holding that "[a] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Abbott v. United States, 562 U.S. 8, 13 (2010).   On November 29, 2010, the Supreme Court further confirmed that the Williams interpretation of § 924(c) had been erroneous by vacating the Second Circuit's judgment in Williams itself in light of Abbott. See United States v. Williams, 131 S. Ct. 632 (2010) (mem.).

---

[1]   Judicial notice is taken of the dockets of Patterson's cases in the Second Circuit.

The Second Circuit's rationale for vacating Patterson's sentence was now legally invalid, and it was clear under Abbott that Patterson had received the mandatory minimum sentence. Thus, it became necessary on remand simply to reimpose the original sentence.  Initially, Patterson's appellate counsel, Vivian Shevitz, Esq., consented to resentencing Patterson in absentia.  (See Transcript of May 24, 2011 proceeding ("Tr.") at 13:7-14:8.)  Accordingly, on January 11, 2011, the Court issued an order reimposing Patterson's original sentence in light of Abbott.  (Crim. Doc. No. 192.)[2]  However, the Court soon received a letter from Patterson himself objecting to this manner of proceeding.  Accordingly, Patterson was transported to this District and on May 24, 2011, sentence was reimposed in open court.[3]  (Tr. 14:13-19.)  Shevitz represented Patterson at that proceeding.  (See id. at 2:4-9.)  The Court advised Patterson of his right to appeal.  (Id. at 19:12-14.)  He did not appeal.

In the meantime, on December 13, 2010, Patterson had submitted a pro se habeas petition pursuant to 28 U.S.C. § 2255, in which he contended that his trial counsel, Jeffrey Lichtman, Esq., had provided ineffective assistance in connection with plea negotiations.  At the May 24, 2011 hearing, the Court

---

[2]   Citations to "Crim. Doc. No." refer to docket entries in Patterson's criminal case, No. 06 Cr. 80 (NRB).  Citations to "Habeas Doc. No." refer to docket entries in Patterson's habeas case, No. 10 Civ. 9542 (NRB).
[3]   Notwithstanding a contrary statement in the Government's opposition to the instant motion, the transcript reflects that Patterson was present in court on May 24, 2011.  (See Tr. 18:21-19:16.)

granted Shevitz's application to represent Patterson in connection with the habeas petition. (<u>See</u> Tr. 2:15-17, 7:12, 10:9-10.)   Supplemental submissions were made by Shevitz, Patterson himself, and the Government.   Patterson's <u>pro</u> <u>se</u> supplemental submissions raised an additional issue of whether Russell Paisley, Esq., who had represented Patterson before Lichtman did, rendered ineffective assistance of counsel by disclosing incriminating information about Patterson to Paisley's other clients.   Although the Court declined to appoint Shevitz to represent Patterson in connection with the claim concerning Paisley, Shevitz nonetheless made several submissions, including a 7-page letter, addressing it.   On September 5, 2012, the petition as supplemented was denied.   <u>See</u> <u>Patterson v. United States</u>, Nos. 06 Cr. 80 and 10 Civ. 9542, 2012 WL 3866489 (S.D.N.Y. 2012) ("<u>Patterson I</u>").

On September 10, 2012, Patterson sent a <u>pro</u> <u>se</u> letter to the Court, further discussed in Part III.B below.   The letter contained the docket numbers of both his criminal and habeas cases, and was construed as a notice of appeal. (Crim. Doc. No. 211; Habeas Doc. No. 14.)   A review of the Second Circuit dockets shows (A) that the Second Circuit opened two appellate cases (Nos. 12-3933 and 12-3945 in that court), but dismissed one (No. 12-3945) on the grounds that it was "duplicative"; (B) that the Second Circuit treated the remaining appeal as a

challenge to the decision in habeas case, rather than Patterson's criminal case; and (C) that Patterson, who addressed several <u>pro</u> <u>se</u> submissions to the Second Circuit, objected to neither the dismissal of the duplicative appeal nor the characterization of the remaining appeal as involving his habeas case. On May 15, 2013, the Second Circuit denied Patterson's motions for a certificate of appealability and for appointment of counsel and dismissed Patterson's appeal on the ground that he had not made a "substantial showing of the denial of the denial of a constitutional right." (Crim. Doc. No. 247; Habeas Doc. No. 20.) On October 7, 2013, the Supreme Court denied Patterson's petition for a writ of certiorari. <u>Patterson v.</u> <u>United States</u>, 134 S. Ct. 325 (2013) (mem.).

On August 13, 2014, Patterson filed a <u>pro</u> <u>se</u> motion in his criminal case[4] styled "Motion to Vacate Pursuant to Fed. R. Civ. P. Rule 60(b) and Rule 60(a)" (the "Rule 60 Motion"), which is now before the Court. (Crim. Doc. No. 256.) On December 5, 2014, the Government filed a memorandum in opposition. (Crim. Doc. No. 265.) On December 23, 2014, Patterson submitted a reply. (Crim. Doc. No. 266.) Subsequently, on March 16, 2015, Patterson submitted a letter citing supplemental authority; on May 6, 2015, Patterson submitted a supplemental brief; and on

---

[4]    Although Rule 60 is a civil rule with no applicability in criminal proceedings, the motion has been liberally construed as though it had been filed in Patterson's habeas case.

June 1, 2015, Patterson submitted a motion to disregard two of the claims in the Rule 60 Motion. (Crim. Doc. Nos. 272, 274, 275.)[5]

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to order relief from a final judgment or order on "just terms" on the basis of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions "are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990),

---

[5]    Patterson also submitted a motion to recuse, which the Court denied in a November 20, 2014 Order. (Crim. Doc. Nos. 262, 263; Habeas Doc. No. 23.)

aff'd, 505 U.S. 115 (1991).  A motion under Rule 60(b) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).[6]

In the habeas context, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001).  If a purported Rule 60(b) motion attacks the underlying criminal proceedings, a district court has two procedural options:  The court may (1) recharacterize the Rule 60(b) motion as a new habeas petition (which, if it is "second or successive," should be transferred to the Second Circuit for possible certification), or (2) deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b).  See Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam).

### III. DISCUSSION

We construe Patterson's pro se submissions liberally. Patterson's motion to disregard the fourth and sixth claims

---

[6]     Additionally, motions under Rules 60(b)(1), (2), and (3) must be made within a year.  See Fed. R. Civ. P. 60(c)(1).

advanced in his Rule 60 Motion is granted.  Liberally construed, the remaining claims are as follows:

- Claim One:  That this Court overlooked Patterson's notice of appeal to the extent that it applied to his resentencing, and failed to forward it to the Second Circuit.

- Claim Two:  That Shevitz was conflicted from serving as counsel in both Patterson's criminal case on remand and Patterson's habeas case.

- Claim Three:  That this Court erred in reimposing the original sentence on remand, in violation of the Ex Post Facto Clause of the Constitution.

- Claim Five:  That this Court was in "contempt" of the Second Circuit for failing to resentence Patterson pursuant to the Second Circuit's mandate.

- Supplemental Claim:  That the reimposed sentence was unreasonable and violated Patterson's due process rights and his reasonable expectations following his partially successful appeal to the Second Circuit.[7]

Patterson seeks to be resentenced to a twenty-year term of imprisonment and to vacate the judgment denying his habeas petition.

---

[7]    This claim is made in Patterson's May 6, 2015 supplemental brief.

Patterson cites both Rule 60(b), which is discussed in Part II above, and Rule 60(a) of the Federal Rules of Civil Procedure.   As a preliminary matter, Patterson's reliance on Rule 60(a), which permits a court to "correct a clerical mistake or a mistake arising from oversight or omission," is unavailing, because Patterson seeks new substantive relief.   See Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) ("A motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." (internal quotation marks omitted)); 12 Moore's Federal Practice § 60.02[1] (3d ed., 2015 rev.) ("Rule 60(a) may not be used to open up a judgment for the purpose of correcting substantive errors, or for the purpose of making rulings that should have been but that were not actually made.").

Because only Claim Two relates to the integrity of Patterson's habeas proceeding, we address it first and then turn to the remaining claims.


**A.  Claim Two**

In Claim Two, Patterson contends that Shevitz was conflicted from serving as counsel in both his criminal case on remand and his habeas petition.   The gravamen of the supposed conflict of interest is that Shevitz provided ineffective assistance of counsel, principally by failing to file a notice

of appeal from resentencing,[8] and thus the habeas petition should have been expanded to encompass Shevitz's failings.   To the extent that Claim Two attacks the integrity of the proceedings in Patterson's habeas case, it fails for the following two reasons.

First, the motion is not made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).   "To determine whether the [movant] has filed [a] Rule 60(b) motion within a 'reasonable time,' the Court 'must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.'"   Carbone v. Cunningham, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)).   Here, the Rule 60 Motion is brought twenty-three months after Patterson's habeas petition was denied and ten months after the Supreme Court denied certiorari.   Patterson offers no explanation at all for this delay, and no reason occurs to the Court that could justify the extraordinary relief of reopening his habeas case after so much time has passed.

---

[8]     Patterson also contends that Shevitz provided ineffective assistance of counsel by (1) refusing his request to make an argument in his first appeal concerning the prior felony information; and (2) initially consenting to Patterson's resentencing in absentia.   The latter is inconsistent with Shevitz's explanation, in Patterson's presence in open court, that Patterson "thought that the reason he was coming back and wanted to come back was for the 2255" and that Patterson "would not have insisted on coming back" just to be resentenced.   (Tr. 14:4-8.)

Second, the motion lacks merit.  The Second Circuit has held that "because a habeas petitioner has no constitutional right to counsel in his habeas proceeding, . . . to be successful under Rule 60(b)(6), [the petitioner] must show more than ineffectiveness under Strickland v. Washington, 466 U.S. 668 (1984)." Harris v. United States, 367 F.3d at 77 (citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)).  Instead, "[t]o obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or pro se." Harris, 367 F.3d at 77.[9]  Here, far from abandoning Patterson, Shevitz responded Patterson vigorously and beyond the scope of her appointment by pursuing his claims that both Lichtman and Paisley had rendered ineffective assistance of counsel.  See, e.g., Negron v. United States, 394 F. App'x 788, 794 (2d Cir. 2010) (summary order) (habeas counsel who "took repeated and competent action on [the client's] behalf" did not abandon case).  Moreover, Patterson himself made numerous pro se submissions during the pendency of the habeas proceeding, including the submission introducing the issue of Paisley's ineffective assistance of counsel.  Further, Patterson was not shy about demonstrating his disagreement with his counsel, as he

---

[9]     Only Rule 60(b)(6), and not Rules 60(b)(1)-(5), has bearing on Patterson's claims.

did by "renouncing two of the arguments made in [Shevitz's] reply papers." Patterson I, 2012 WL 3866489, at *3. This amply demonstrates that Patterson knew how to complain that his counsel had disregarded instructions and that he could have informed the Court of his view that she had provided ineffective assistance. Instead, in a June 20, 2012 letter to the Court, Patterson "plead[ed] for this Court's appointment and continued assistance from Criminal Justice Act Attorney, Vivian Shevitz."[10]

Ultimately, Patterson's habeas claims, as presented by both his counsel and himself, were exhaustively considered on the merits in the Patterson I decision. Thus, Shevitz neither abandoned Patterson nor prevent Patterson from being heard, and Rule 60(b) relief is unavailable.[11]

## B.   Remaining Claims

Because each of Claims One, Three, and Five, and the Supplemental Claim challenges Patterson's criminal sentence rather than the integrity of habeas proceedings, these claims are outside of the scope of Rule 60(b). Additionally, to the extent that Claim Two charges Shevitz with ineffective assistance of counsel for failing to file an appeal from the

---

[10]   This letter is preserved in the Chambers file and is referred to in Patterson I, 2012 WL 3866489, at *10 n.10.
[11]   Patterson also argues that the Court should have deferred addressing his habeas petition until after he had appealed from his resentencing on remand.  Because Patterson did not appeal, this argument is illogical and meritless.

reimposition of Patterson's sentence, that claim also attacks the underlying criminal sentence.[12]

It is within the Court's discretion to recharacterize portions of a Rule 60(b) motion that attack the petitioner's criminal proceedings as a new § 2255 petition. See Gitten, 311 F.3d at 534; Adams, 155 F.3d at 584 (2d Cir. 1998). But in this context, the effect of such recharacterization would be to prolong the already extensive post-conviction proceedings with no prospect of relief. Ultimately, Patterson's claims represent an effort to obtain a below-mandatory-minimum sentence under 18 U.S.C. § 924(c) as interpreted by the United States Supreme Court in Abbott before Patterson's conviction became final. Such a result would be unlawful. Had Patterson timely appealed from his resentencing, the sentence surely would have been affirmed in light of Abbott. Had this Court shut its eyes to Abbott and instead followed the Second Circuit's earlier decision in Williams, the Government surely would have appealed successfully. Were Patterson's sentence vacated today, sentence would be reimposed not under Williams, but under Abbott. Thus, further proceedings seeking to attack Patterson's sentence would be futile. Accordingly, the Court declines to sua sponte

---

[12]   For the reasons stated in Part III.A above, Patterson's ungrateful attack on Shevitz's performance is contradicted by the contemporaneous record.

recharacterize Patterson's motion as a § 2255 petition. Instead, the motion is denied.

Only Claim One, which asserts that this Court failed to transmit a notice of appeal in his criminal case to the Court of Appeals, deserves further comment.   On September 12, 2012, the Court received a letter from Patterson, dated September 10, 2012, which Patterson now characterizes as an appeal from "both Criminal and Civil cases."   The letter read principally as follows:

> Re:   United States v. Anthony Patterson
>        Case No:  06-CR-080 (NRB)
>        Civil No: 10 Civ. 9542 (NRB)
>
> Dear Honorable Judge Naomi R. Buchwald:
>     Base on the Court ruling in the above case mention.
>     At this time, I am respectfully, filing an Notice of Appeal.
>     In addition, I am also respectfully that, this Honorable Court will be able to appointed counsel to assist me on my Direct Appeal.
>     I truly appreciate your attention in this matter of mine.
>
>                    Respectfully
>                    A. Patterson
>                    Pro-Se[13]

(Crim. Doc. No. 211; Habeas Doc. No. 14.)   This Court construed the letter as a notice of appeal and referred it to the Second Circuit.

---

[13]   Grammatical errors are as in the original.

As described above, it appears that the Second Circuit opened two appeals but dismissed one as duplicative, and construed the remaining appeal as challenging the denial of Patterson's habeas petition rather than his resentencing. This is the most logical interpretation of the letter because (1) the letter was sent five days after the denial of the habeas petition but more than fifteen months after Patterson's resentencing in open court; (2) the letter's reference to the "Court ruling" is most naturally interpreted to refer to the denial of the habeas petition; and (3) the letter lacks any reference to Patterson's sentence.  A review of the Second Circuit docket shows no sign that Patterson objected to either this characterization of his appeal or to the dismissal of the "duplicative" appeal.

Even assuming that the September 10, 2012 letter could have been construed as a second notice of appeal in Patterson's criminal case, it was exceedingly untimely.  A criminal defendant has only fourteen days from the entry of a judgment or order to file a notice of appeal.  See Fed. R. Civ. P. 4(b)(1)(A)(i).  As noted above, Patterson was informed in open court on May 24, 2011 that he had a right to appeal the reimposed sentence.  (Tr. 19:12-13.)  Although Patterson made several subsequent submissions, including pro se submissions, he did not submit anything to the Court that could be colorably

construed as a notice of appeal until this letter.    Further, a review of the Second Circuit docket reveals no sign that Patterson objected contemporaneously to either the Second Circuit's understanding of his letter or to its dismissal of his "duplicative" appeal.    Under these circumstances, this Court will not assist Patterson in reopening appellate proceedings that would, in any event, be futile in light of Abbott and Patterson I.

## CONCLUSION

For the foregoing reasons, Patterson's motion to disregard two claims (No. 275 in 06 Cr. 80) is granted, and Patterson's Rule 60 Motion (No. 256 in 06 Cr. 80) is denied.

**IT IS SO ORDERED.**

Dated:    New York, New York
         August 25, 2015

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

17

Copies of the foregoing Memorandum and Order have been mailed on
this date to the following:

Anthony Patterson
Reg. No. 57631-004
FCI Mendota
P.O. Box 9
Mendota, CA 93640

Attorney for the Government
Jennifer Gachiri, Esq.
Assistant United States Attorney
1 St. Andrew's Plaza
New York, NY 10007